## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JONATHAN SEGUNDO,**

      **Plaintiff,**

**v.**                                  **Case No.:**

**WHOLE FOODS MARKET GROUP,
INC.,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jonathan Segundo, by and through undersigned counsel, herby sues Whole Foods Market Group, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1.    This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA, Title VII, and the FMLA.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

<u>**PARTIES**</u>

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Plaintiff worked for Defendant in Hillsborough County, Florida.

6.      Defendant is a Foreign Profit Corporation.

7.      At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8.      Plaintiff is considered an "employee" within the meaning of the ADAAA and Title VII.

9.      Plaintiff is considered an "eligible employee" within the meaning of the FMLA.

10.     Defendant is considered an "employer" within the meaning of the ADAAA, Title VII and the FMLA.

11.     Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding his request for leave pursuant to the FMLA.

12.     Plaintiff was employed by Defendant for more than twelve (12) months.

13.     Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within seventy-five 75 miles of that worksite.

14.     Plaintiff has a serious health condition as defined by the FMLA.

15.     Plaintiff is "disabled" as defined by the ADAAA.

16.     Defendant knew of Plaintiff's disability and serious health condition during his employment.

17.     Plaintiff was a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

18.     Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") on or about June 08, 2020.

19.     The EEOC issued a "Dismissal and Notice of Rights" letter on or about April 07, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

20.   This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

**STATEMENT OF FACTS**

21.   Plaintiff began his employment with the Defendant on or about April 26, 2018 as the Grocery Team Leader at in Tampa, Florida.

22.   During Plaintiff's employment he was subjected to disparate terms and conditions of employment as compared to his similarly situated female co-workers Stephanie Morris ("Ms. Morris"), Elizabeth Thompson ("Ms. Thompson") and Julie Roesch ("Ms. Roesch").

23.   In particular, Plaintiff was disciplined in a more aggressive manor that was not consistent with the Defendant's polices as compared to Ms. Morris and Ms. Thompson for the the same or similar alleged performance deficiencies.

24.   Further, Ms. Morris, Ms. Thompson and Ms. Roesch were afforded assistants for greater lengths of time to help them with their work, but Plaintiff was not despite several pleas for help.

25.   In or around April 2019, Plaintiff was diagnosed with tendinitis and joint affection.

26.   Plaintiff's tendinitis and joint affection substantially limit his ability to stand for prolong periods of time, climb ladders and squat.

27.    In or around May 2019, Plaintiff received a positive job evaluation and received a raise.

28.    On or about June 6, 2019, Plaintiff's supervisor, Matt Smith ("Mr. Smith"), came up from behind Plaintiff and began rubbing Plaintiff's shoulders in an aggressive sexual manner.

29.    Plaintiff refused Mr. Smith's sexual advances.

30.    On or about June 6, 2019, Plaintiff contacted human resources regarding discrimination and harassment in the workplace.

31.    On or about June 7, 2019, Plaintiff spoke with human resources representative Beverly Thomas ("Ms. Thomas") regarding Mr. Smith's sexually harassing touching, but no corrective action was taken.

32.    On or about June 17, 2019, Mr. Smith and two other male supervisors disciplined Plaintiff via a corrective action plan. This was done in retaliation for filing a complaint of sexual harassment against Mr. Smith.

33.    On or about June 19, 2019 Plaintiff spoke with Ms. Thomas and Lauren Allen ("Ms. Allen") regarding the corrective action plan and the previously complained about sexual harassment. During the telephone call, though, Ms. Thomas and Ms. Allen summarily dismissed the sexual harassment complaint without any investigation and no corrective action was taken.

34.    In or around August 2019, Plaintiff requested intermittent leave under the FMLA and leave under the ADA.

35.    Plaintiff was approved for intermittent leave through August 2020.

36.    Subsequently, in or around September and October 2019, Plaintiff exercised intermittent leave under the FMLA and leave under the ADA.

37.    On or about October 9, 2019 Plaintiff's employment with Defendant was terminated.

38.    Plaintiff has satisfied all conditions precedent, or they have been waived.

39.    Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the ADAAA

40.    All allegations prior to Count I are reallaged and incorporated herein.

41.    Plaintiff requested leave as an accommodation due to his own disability.

42.    After Plaintiff requested an accommodation, he was terminated shortly thereafter.

43.    Defendant terminated Plaintiff because of his disability.

44.    Defendant's discharge of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

45.    As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Discrimination in violation of Title VII

46.    All allegations prior to Count I are reallaged and incorporated herein.

47.    Plaintiff is a male.

48.    Defendant treated Plaintiff differently than similarly situated female employees of Defendant by, *inter alia*, subjecting Plaintiff to different treatment with regard to terms and conditions of employment and by unlawfully terminating Plaintiff.

49.    As a direct and proximate cause of Defendant's unlawful treatment of Plaintiff, including his unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Retaliation in Violation of Title VII

50.    All allegations prior to Count I are reallaged and incorporated herein.

51.    Plaintiff engaged in protected activity by filing several complaints with Defendant's human resources department in 2019.

52.    Defendant took an adverse employment action by unlawfully terminating Plaintiff.

53.     Plaintiff's protected activity was a motivating factor that prompted Defendant to take the adverse employment action.

54.     As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – FMLA Interference

55.     All allegations prior to Count I are realleged and incorporated herein.

56.     Plaintiff took leave to care for his own serious medical condition.

57.     In taking leave, Plaintiff is protected against interference with the rights as prescribed by the FMLA.

58.     By terminating Plaintiff while he was still on leave and before his leave expired Defendant interfered with Plaintiff's rights under the FMLA.

59.     As a direct and proximate cause of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count V – FMLA Retaliation

60.     All allegations prior to Count I are realleged and incorporated herein.

61.     Plaintiff took leave to care for his own serious medical condition.

62.     In taking leave, Plaintiff is protected against retaliation with the rights as prescribed by the FMLA.

63.    By terminating Plaintiff while he was still on leave and before his leave expired Defendant retaliated against Plaintiff in violation of his rights under the FMLA.

64.    As a direct and proximate cause of Defendant's retaliation against with Plaintiff for exercising his rights under the FMLA, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 6th day of July, 2021 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.

FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*